IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVINO GRAHAM, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-2868 |
| : | |
| DISTRICT COURT : | |
| JUDGE DARNELL JONES, : | |
|     Defendant. : | |

## MEMORANDUM OPINION

Plaintiff Kevino Graham, a convicted prisoner currently incarcerated at USP Terre Haute, brings this civil action pursuant to 42 U.S.C. § 1983 against District Court Judge C. Darnell Jones. Graham seeks leave to proceed *in forma pauperis*. For the following reasons, Graham's motion to proceed *in forma pauperis* will be denied pursuant to 28 U.S.C. § 1915(g). Should he wish to continue litigating this case, Graham will have to pay the full filing fee in advance.

**I.      BACKGROUND**

In February 2016, Graham was convicted of sex trafficking by force, in violation of 18 U.S.C. § 1591, and aiding and abetting sex trafficking, in violation of 18 U.S.C. § 1594. *See United States v. Graham*, Crim. A. No. 14-CR-623-1 (E.D. Pa.).[1] Since his conviction, Graham has filed numerous actions in this District. *See Graham v. United States Sentencing Commission*, E.D. Pa. Civ. A. No. 16-3583 (dismissing complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Graham v. Dodaro*; E.D. Pa. Civ. A. No. 16-6502 (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Graham v. Morgan*, E.D. Pa. Civ. A. No. 21-1831 (dismissing complaint for failure to state a

---

[1] The Court may take judicial notice of prior court proceedings. *See In re Ellerbe*, Civ. A. No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

Graham now brings another action. This time, he sues the Judge who presided over his criminal matter: the Honorable C. Darnell Jones, II. In his Complaint, Graham asserts that Judge Jones perpetuated "a widespread fraud" when "he allowed prosecutor [AUSA] Michelle Morgan to misapply the solely 'child' protective statute 18 U.S.C. § 1591 (sex trafficking of children or by force, fraud, or coercion) to solely 'adult' based cases (such as [his] own case)." As he is unable to pay the fees needed to continue this action, he seeks leave to proceed *in forma pauperis*.

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). There are limits to the statute, however. "[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Among other things, the PLRA implemented the so-called "three strikes rule," which provides in relevant part:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not

necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), abrogating *Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### III.  DISCUSSION

Graham's request to proceed *in forma pauperis* will be denied because he has struck out under the PLRA. First, in 2016, Graham brought a lawsuit against the United States Sentencing Commission, alleging that the Sentencing Guidelines applicable to his case were unconstitutional. The case was explicitly dismissed as "legally frivolous" pursuant to Section 1915(e)(2)(B)(i). *See Graham v. United States Sentencing Commission*, E.D. Pa. Civ. A. No. 16-3583.

Second, and also in 2016, Graham brought a lawsuit against the Comptroller General and the U.S. Government Accountability Office, alleging that the defendants used false statistics to prosecute him. The case was explicitly dismissed "pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" for failure to state a claim. *See Graham v. Dodaro*; E.D. Pa. Civ. A. No. 16-6502.

Third, and earlier this year, Graham filed an action in this Court against AUSA Morgan for presenting "falsified and perjured statements" during his grand jury hearing proceeding.[2] This most recent case was also dismissed for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii). *See Graham v. Morgan*, E.D. Pa. Civ. A. No. 21-1831.

As such, all three of Graham's cases were dismissed in their entirety for one of the reasons listed in Section 1915(g). Graham thus may not proceed *in forma pauperis* unless he

---

[2] Graham also named United States Attorney General Merrick Garland as a defendant, but failed to allege any facts about his wrongdoing.

was in imminent danger of serious physical injury at the time he brought the instant Complaint.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). When considering whether imminent danger of serious physical injury has been alleged, courts may reject vague or conclusory allegations as insufficient to provide a basis for *in forma pauperis* status. *Id*. Here, Graham's Complaint is devoid of any allegations of imminent physical harm. The Complaint only alleges non-physical misconduct during Graham's prosecution and sentencing. Accordingly, his motion to proceed *in forma pauperis* will be denied. Should Graham desire to litigate his claims, he must pay any filing fees in full.

An appropriate order follows.

BY THE COURT:

/s/ Hon. Wendy Beetlestone

**WENDY BEETLESTONE, J.**